CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUN 28 2011
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| MICHAEL STEPHON PARKER, | CIVIL ACTION NO. 7:11CV00130 |
| Plaintiff, | |
| | **MEMORANDUM OPINION** |
| vs. | |
| FLOYD G. AYLOR, ET AL., | By: Samuel G. Wilson |
| | United States District Judge |
| Defendants. | |

Plaintiff Michael Stephon Parker, an inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. In his § 1983 complaint, Parker claims that the defendants, individuals at Central Virginia Regional Jail ("CVRJ"), have violated his constitutional rights by not permitting all the Muslim inmates at CVRJ to congregate for Jumah[1] congregational prayer, regardless of security level. He claims that his religion requires him to congregate for Jumah with all other Muslim inmates at CVRJ simultaneously, but the jail will not permit inmates of different security levels to participate together. Parker states that the defendants permit inmates of different security levels to congregate for other reasons, such as sick call and certain classes. The case is currently before the court on Parker's motion for a preliminary injunction (ECF No. 22) requesting that the court enjoin officer Lt. Akers from harassing Parker by taking his prayer rug, which Parker states has occurred three times.[2] Upon review of the record, the court concludes

---

[1] The court notes that there are alternative spellings for the Friday prayers known, among other names, as Jumu'ah, Jum'ah, Jumah and Jumuah. The court adopts the spelling in plaintiff's Complaint --Jumah.

[2] In support of these allegations, Parker attaches various inmate request forms and other documents to his motion. However, Parker does not explain in his motion how these alleged incidents are related to his underlying Jumah claim.

that it must deny this motion for interlocutory injunctive relief. However, the court will serve Parker's underlying complaint on the defendants by separate order.

An interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. Omega World Travel v. TWA, 111 F.3d 14, 16 (4th Cir. 1997). ("The purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends it was or will be harmed through the illegality alleged in the complaint."). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." Id.; see also Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint."). Parker's claim that Lt. Akers took his prayer rug is not related to his claim in his underlying lawsuit that defendants violated his right to congregate with all other Muslim inmates for Jumah, regardless of security level. Parker does not name Lt. Aker as a defendant in his complaint and Parker does not claim that the alleged prayer rug incident has any relationship to his participation in Jumah or to defendants' refusal to permit inmates of different security levels to congregate for Jumah. Further, Parker does not claim that the constitutional violations alleged in his underlying Jumah claim caused Lt. Akers to confiscate his prayer rug.

As stated, a court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Devose, 42 F.3d at 471. Parker's motion for interlocutory injunctive relief has nothing to do with preserving the status quo between the parties with regard to Parker's § 1983 complaint. To

2

the contrary, Parker's instant motion is based on new assertions of mistreatment that are entirely different from the claim raised and the relief requested in his Jumah lawsuit. These new assertions might support a separate claim against different prison officials in a separate lawsuit; however, they cannot provide the basis for a preliminary injunction in this lawsuit.

Accordingly, the court will deny plaintiff's motion for a preliminary injunction.

The clerk will send a copy of this order and the accompanying memorandum opinion to plaintiff.

**ENTER**: This 20th day of June, 2011.

United States District Judge